UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 MAR -1  AM 11: 07

U.S. DISTRICT C...
N.D. OF AL...

| | |
|---|---|
| BRIAN DEVLIN, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV-00-N-3726-S |
| ] | |
| WASHINGTON GROUP ] | |
| INTERNATIONAL, INC. ] | |
| formerly d/b/a/ RAYTHEON ] | |
| ENGINEERS & ] | |
| CONSTRUCTORS, INC., ] | |
| ] | |
| Defendant. ] | |

**ENTERED**

MAR 0 1 2001

## Memorandum of Opinion

### I. Introduction

The Court has for consideration defendant's Motion to Dismiss [Doc. 3]. The motion has been fully briefed and is ripe for decision. Upon due consideration, the motion is **GRANTED in part** and **DENIED in part**. The plaintiff is granted leave to file an Amended Complaint no later than April 1, 2001.

### II. Standard for Decision

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint under that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations. Moreover, it views them in a



light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Cmty. Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

### III.   Allegations of the Complaint

Plaintiff is a former employee of defendant. Plaintiff's employment with defendant was terminated in November 1998. In June of 1998, plaintiff underwent three surgeries on his left foot, requiring plaintiff to go on short term disability.

> [ ] While plaintiff was healing from his surgeries, the defendants, on a number of occasions, called plaintiff and informed the plaintiff that there was so much work that plaintiff needed to return to work despite the plaintiff not having fully healed from his surgeries of June of 1998.
> [ ] Plaintiff declined Defendants' request, feeling that he had not fully recovered from his surgeries.
> [ ] The Defendant again called the Plaintiff vigorously urging him to return to work.

(Compl. ¶ 3-5.) Plaintiff, "because of his strong sense of loyalty" to the defendant, returned to work. Plaintiff alleges the representations made to plaintiff to induce him to return to work were either false or defendant did not know they were false and recklessly misrepresented them. As a result of these misrepresentations, plaintiff claims his employment was terminated, he was deprived of the remainder of his short term disability benefits, he was caused to lose his health and retirement benefits, his foot did not heal properly and he will have to undergo further surgeries, and he suffered mental pain and anguish and severe emotional distress.

Plaintiff concedes he cannot prevail on the loss of employment claim because he was an at-will employee.

## IV. Discussion

### A. Rule 9(b) of the Federal Rules of Civil Procedure

Rule 9(b) of the Federal Rules provides that:

> Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of the mind of a person may be averred generally.

Fed. R. Civ. P. 9(b). The Eleventh Circuit has observed that Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211, 105 S. Ct. 1179, 84 L. Ed. 2d 327 (1985); *see also Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985) (providing that the "clear intent" of Rule 9(b) "is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed"). However, "Rule 9(b) must be read in conjunction with Rule 8(a) [of the Federal Rules of Civil Procedure], which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *Brooks v. Blue Cross & Blue Shield of Florida,* 116 F.3d 1364, 1371 (11th Cir. 1997) (quoting *O'Brien v. National Property Analysts Partners*, 719 F. Supp. 222, 225 (S.D.N.Y. 1989)). According to *Brooks*, a complaint satisfies Rule 9(b) if it sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and

3

      (2)    the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
      (3)    the content of such statements and the manner in which they misled the plaintiff, and
      (4)    what the defendants "obtained as a consequence of the fraud."

*Brooks*, 116 F.3d at 1371 (quoting *Fitch v. Radnor Indus., Ltd.*, No. 90-2084, 1990 WL 150110, at *2 (E.D. Pa. Sept. 27, 1990)); *see also Cooper v. Blue Cross & Blue Shield*, 19 F.3d 562 (11th Cir. 1994) ("[A fraud pleading] must include facts as to time, place, and substance of the defendant's alleged fraud"). As evidenced by the Court's quotation of the Complaint, plaintiff has not plead any specific information as to the circumstances constituting fraud. The Court has provided the plaintiff the opportunity to replead fraud with specificity; plaintiff should take this opportunity seriously.

      Regarding plaintiff's allegation that he was deprived of short term disability benefits, this claim survives. Plaintiff complains that "[e]ven though the Plaintiff could have been on short-term disability for a period of six months," the plaintiff returned to work as a result of the misrepresentations of the defendant. The Court can infer from this statement that the plaintiff had a right to receive disability benefits for six months. Further, the plaintiff was fired within five months of his surgery, meaning that if he remained on short-term disability instead of returning to work, he could have received one more month of short-term disability payments. *See, e.g., Pugh v. Kaiser Aluminum & Chemical Sales, Inc.*, 369 So. 2d 796, 797 (Ala. 1979) ("Pugh filed this complaint alleging that Kaiser fraudulently and deceitfully induced him to return to work; that under the terms of the Company Disability Plan, his return to work automatically disqualified him from receiving further disability

4

benefits; and that if he had completed his recuperation, he would have been entitled to another four months of disability benefits.").

Plaintiff's allegation that he lost health benefits and retirement benefits is dismissed, as the plaintiff admittedly was an at-will employee and had no right to keep his job and the benefits that accompany it. Plaintiff's claim that defendant's fraudulent actions somehow caused his foot to heal improperly also is dismissed because there are no alleged facts to connect plaintiff's foot not healing properly and defendant's misrepresentations. The claims of mental pain and anguish and severe emotional distress survive. *See Oliver v. Towns*, 770 So. 2d 1059, 1060 (Ala. 2000) (describing fraud case in which award of damages for mental anguish were upheld but reduced).

Done, this 28th of February, 2001.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE